IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VALENTAE E. ADAMS,

                           **Plaintiff,**

      v.                                                      CASE NO. 24-3122-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, ET AL.,

                           **Defendants.**

## MEMORANDUM AND ORDER

**I.  Nature of the Matter before the Court**

This matter is a pro se civil rights action under 42 U.S.C. § 1983 brought by Plaintiff and state prisoner Valentae E. Adams, who is housed at Lansing Correctional Facility in Lansing, Kansas. Because Plaintiff is a prisoner, the Court was required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the required screening and concluded that the complaint was subject to dismissal. Thus, on September 18, 2024, the Court issued a memorandum and order to show cause (MOSC) identifying the deficiencies that left the complaint subject to dismissal. (Doc. 6.)

First, there was no information on the required court-approved form complaint; Plaintiff simply wrote "please see attached" on the required form and attached a handwritten complaint that was missing pages. *Id.* at 4. Additionally, as the MOSC explained, the Kansas Department of Corrections (KDOC) is not a proper defendant in this matter because it is immune from suit for

1

money damages, *id.* at 4; Plaintiff failed to allege how any defendant personally participated in the deprivation of his constitutional rights, *id.* at 4-5; Plaintiff had not alleged sufficient facts to state a plausible claim for supervisory liability, *id.* at 5-6; challenges to the validity of a sentence or parole determinations must be presented in habeas corpus, not a § 1983 action such as this, *id.* at 6; the claims in the complaint may be barred if a judgment in this case would necessarily imply the invalidity of Plaintiff's conviction, *id.* at 7; and Plaintiff's request for compensatory damages was barred because Plaintiff had failed to allege a physical injury, *id.* at 8.

The MOSC ordered Plaintiff to show good cause, in writing, why his complaint should not be dismissed due to these deficiencies. *Id.* at 8. Plaintiff was also granted leave to file a complete and proper amended complaint that cures the deficiencies. *Id.* at 8-9. Plaintiff has timely filed both an amended complaint and a response to the MOSC (Docs. 7 and 7-1), which the Court has carefully reviewed.

**II. Discussion**

The amended complaint (Doc. 7) continues to suffer from deficiencies that existed in the initial complaint. Plaintiff has again utilized the required court-approved form only to refer the reader to "attached pages." *Id.* at 1-5. The only information set forth on the required form is (1) Plaintiff's name, his Kansas citizenship, and his current residence; (2) the KDOC is named a Defendant; (3) another lawsuit that raised the same claims as this action is pending in an unidentified state or federal court but no case number has been assigned; and (4) Plaintiff previously sought administrative relief for "release from GPS and curfew restrictions." *Id.* For all other information, including the identity of additional defendants, the background of this action, Plaintiff's asserted claim or claims, and the relief being sought, the form merely states "see attached pages." *Id.*

Attached to the amended complaint is a 9-page document consisting of 6 handwritten pages and a copy of the Journal Entry of Judgment memorializing Plaintiff's 2015 state-court conviction and sentencing. (Doc. 7-1.) *Id.* Highly summarized, the handwritten pages explain that after Plaintiff entered an *Alford* plea, allegedly due to the ineffective assistance of counsel, he was convicted in state court of aggravated indecent solicitation of a child and sentenced to 31 months in prison, to be followed by lifetime parole and lifetime registration requirements. *Id.* at 1. The state court did not, however, sentence him to lifetime electronic monitoring. *Id.* Plaintiff served the term of imprisonment but in 2016, when it was time for his release to parole, his release was conditioned on signing paperwork agreeing to wear a GPS monitor, even though Plaintiff informed staff that he had not been sentenced to lifetime electronic monitoring. *Id.* at 2.

Plaintiff characterizes the GPS monitor requirement as imposing a condition to which he was never legally sentenced. He also complains that he is being subject to a "lifetime gang curfew" and that his parental rights are being violated by state parole officers and supervisors. *Id.* at 3-4. Plaintiff further asserts that he has been "denied [his] indigent rights and benefits" by parole officers and supervisors who intentionally place him in the position of violating his parole by "allowing his fees to stack up" and he is being denied legal counsel to represent him in accusations of parole violations. *Id.* at 4.

Plaintiff contends that he is being forced to perform forced labor, by which the government is engaging in slavery and imposing unconstitutionally cruel and unusual punishment. *Id.* at 5-6. He states that during his time out on parole, he feared for his life and freedom while dealing with the parole office, KDOC, Kansas Secretary of Corrections, the Prison Review Board, and the state district courts. *Id.* at 6. He also generally alleges that hate crimes, acts of terrorism, and conspiracy against him are allowed because of his race and because he is a convicted "sex offender" and

lifetime parolee. *Id.*

Even liberally construing the pro se amended petition and attachments thereto, Plaintiff has failed to identify any Defendant other than the KDOC, which this Court has already explained is immune from suit for money damages; he has failed to set forth the factual background of his case; he has failed to identify specific claims for relief and allege facts supporting each specific claim; and he has failed to identify the relief he seeks. In short, the amended complaint, like the initial complaint, fails to state a plausible claim on which relief can be granted. Thus, it is subject to dismissal in its entirety.

### III. Second Amended Complaint Required

Plaintiff will be granted a final opportunity to avoid dismissal of this action by filing a complete and proper second amended complaint on the required form that cures the deficiencies identified herein and in the previous MOSC. To be clear, to avoid dismissal of this action, Plaintiff must submit a complete second amended complaint that clearly states a plausible claim for relief against a proper, named defendant.

Plaintiff is advised that the second amended complaint is not simply a supplement to an earlier pleading; instead the second amended complaint will completely replace both the original complaint and the amended complaint. Therefore, any claims or factual allegations not included in the second amended complaint will not be before the Court. In other words, Plaintiff may not simply refer in the second amended complaint to the original complaint or the amended complaint. The second amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint and/or the amended complaint. The second amended complaint and any attachments thereto must—standing alone—state a plausible claim for relief.

Plaintiff must write the number of this case (24-3122-JWL) at the top of the first page of the second amended complaint and he must name every defendant in the caption of the second amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must identify each additional Defendant on the form. If Plaintiff needs additional space or wishes to name more than two Defendants, he should follow the directions on the form and "[u]se the back of this page"—or additional pages—"to furnish the . . . information for additional defendants." (*See* Doc. 7, p. 2.) He must, however, provide the required information in a manner that makes clear the identity of all Defendants.

The Court liberally construes a pro se complaint and applies "less stringent standards than [it applies to] formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case," nor is it the role of the Court to sort through a lengthy supporting memorandum to discover the claims and the facts alleged to support each claim. *See id.* at 4 (quoting *Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished)).

The Court will not pick and choose facts from a narrative submission and determine on Plaintiff's behalf which individuals are Defendants, which constitutional violations Plaintiff is asserting, or which specific facts are intended to support each count or claim. Plaintiff must provide the information requested in the appropriate spaces on the required form. He may attach additional pages to the form as necessary, but he should not rely entirely on a separate memorandum or attachment to provide the requested information.

5

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009)(quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Thus, Plaintiff must refer to each defendant in the body of the second amended complaint, in relation to a specific count of this action, where he must allege facts describing the unconstitutional acts personally taken by each defendant including dates, locations, and circumstances. He must allege sufficient specific facts to show a plausible claim that each defendant personally participated in a constitutional violation.

If Plaintiff fails to file a complete and proper second amended complaint that cures the deficiencies identified herein and in the MOSC in the allotted time, this matter will be dismissed without prejudice for failure to comply with a court order.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **January 30, 2025**, in which to file a complete and proper second amended complaint that complies with the Court's orders. If Plaintiff fails to do so, this matter will be dismissed without prejudice and without further prior notice to Plaintiff. The clerk is directed to provide Plaintiff the court-approved form for a second amended complaint under § 1983.

**IT IS SO ORDERED.**

DATED:  This 13th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge