IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VALENTAE E. ADAMS,

                **Plaintiff,**

     v.                                           CASE NO.  24-3122-JWL

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Valentae E. Adams brings this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. On July 22, 2024, the Court entered an order granting Plaintiff's motion for leave to proceed without prepayment of fees. (Doc. 5.) On September 18, 2024, the Court entered a memorandum and order to show cause giving Plaintiff until October 18, 2024 to either (1) show good cause in writing why the complaint should not be dismissed for reasons identified in the order, or (2) submit a complete and proper amended complaint that cures all of the deficiencies identified in the order. (Doc. 6.)

Plaintiff timely filed an amended complaint (Doc. 7) and a written document purporting to show good cause why the case should not be dismissed (Doc. 8). The Court reviewed the documents and, on December 13, 2024, the Court entered a memorandum and order identifying deficiencies in the amended complaint and granting Plaintiff to and including January 30, 2025, in which to file a second amended complaint that cures all deficiencies previously identified. (Doc. 9.) On January 29, 2025, Plaintiff filed a notice of appeal of "all Ruling's, Verdict's, Judgement's and Finding's in this case.[*sic*]" (Doc. 10.) He also moves for the appointment of counsel in the

1

notice of appeal, so the Court has directed the clerk to file the notice of appeal twice and designate the second docket entry as "Motion to Appoint Counsel." (Doc. 11.)

The Court's rulings thus far do not warrant certification of an interlocutory appeal. The Tenth Circuit Court of Appeals generally has jurisdiction to hear appeals only from "final decisions" of district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs*., 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

The Court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Certifying an interlocutory appeal under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-*

*White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from the Court's non-dispositive orders could materially advance the ultimate resolution of this matter. The Court's rulings do not involve a controlling question of law on which there is substantial ground for difference of opinion. The Court thus declines to order certification of this case for interlocutory appeal.

In his notice of appeal, Plaintiff requests the appointment of counsel. (Doc. 11.) The Tenth Circuit has characterized a motion for appointment of counsel as concerning a collateral matter properly considered by a federal district court even when filed after a notice of appeal. *West v. Ortiz*, 2007 WL 706924, *5 n.5 (10th Cir. Mar. 9, 2007) (unpublished). There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The motion is denied.

The Court warns Plaintiff that this matter is not automatically stayed by an interlocutory appeal. Thus, the time set by the Court for Plaintiff to submit a second amended complaint is unchanged.

**IT IS THEREFORE BY THE COURT ORDERED** that the court declines to certify Plaintiff's interlocutory appeal (Doc. 10). This case will not be stayed during the pendency of the appeal. Plaintiff's request for appointment of counsel (Doc. 11) is **denied**. The clerk is directed to transmit a copy of this order to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated January 30, 2025, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**United States District Judge**