IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VALENTAE E. ADAMS,

    **Plaintiff,**

    v.                                                       CASE NO. 24-3122-JWL

KANSAS DEPARTMENT OF CORRECTIONS, ET AL.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Valentae E. Adams, a state prisoner who proceeds in forma pauperis, began this pro se action under 42 U.S.C. § 1983 by filing a complaint on July 19 26, 2024. (Doc. 1.) The Court was required by statute to screen his complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). After conducting the review, the Court issued a memorandum and order to show cause (MOSC) identifying certain deficiencies in the complaint and granting Plaintiff until October 18, 2024, in which to (1) show good cause, in writing, why this matter should not be dismissed and/or (2) file an amended complaint that cured the deficiencies. (Doc. 6.) Plaintiff filed an amended complaint and a response. (Docs. 7 and 8.)

On December 13, 2024, the Court issued a memorandum and order (M&O), in which it pointed out that the amended complaint, even liberally construed, suffered from deficiencies that existed in the initial complaint and that left it subject to dismissal in its entirety. (Doc. 9, p. 3-4.) Thus, the Court granted Plaintiff "a final opportunity to avoid dismissal of this action by filing a complete and proper second amended complaint on the required form that cures the deficiencies identified herein and in the previous MOSC." *Id.* at 4.  The M&O expressly stated: "To be clear, to avoid dismissal of this action, Plaintiff must submit a complete second amended complaint that clearly states a plausible claim for

1

relief against a proper, named defendant." *Id.* It further cautioned Plaintiff that if he "fails to file a complete and proper second amended complaint that cures the deficiencies identified herein and in the MOSC in the allotted time, this matter will be dismissed without prejudice for failure to comply with a court order." *Id.* at 6. The deadline for compliance was January 30, 2025. *Id.*

On January 29, 2025, Plaintiff filed a notice of interlocutory appeal and a request that this Court appoint counsel. (Docs. 10 and 11). The following day, the Court entered an order declining to certify the interlocutory appeal, denying appointment of counsel, and informing Plaintiff that this case will not be stayed during the pendency of the appeal. (Doc. 14.) The deadline for filing a second amended complaint has now passed and, as of the date of this order, Plaintiff has not filed one.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to comply with the M&O and has not filed a second amended complaint, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order. The clerk is directed to transmit a copy of this order to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated on this 4th day of February, 2025, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
